

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

IRENE MIRAND,                                           2:20cv14265KMM

    Plaintiff, Pro se,

v

WALT DISNEY PARKS AND RESORTS, U.S., INC.

    Defendant.
_____/

## COMPLAINT

Irene Mirand (Ms. Mirand) ("Plaintiff"), files this Complaint against Defendant, Walt Disney Parks and Resorts, U.S., Inc., (WDPR) ("Defendant") and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Chapter 760 of the Florida Civil Rights Act and Title VII of the Federal Civil Rights Act, Age Discrimination in Employment Act to recover unpaid back wages, actual, liquidated and punitive damages.

2. The Jurisdiction of the Court over this controversy is based upon Federal Civil Rights Act. On July 25, 2020, Plaintiff, Irene Mirand, voluntarily dismissed without prejudice this ongoing case in the Department of Administrative Hearings (DOAH) case # 20-2558 to where the case has been transferred from Florida Commission on Human Rights (FCHR) case# 2019-21649, following the initial filing at EEOC in August of 2019.

3. Venue is proper in this Court through Defendant's commission of unlawful policies and practices within this district and division.

## PARTIES

4. At all times material hereto, Ms. Mirand was, and continues to be a resident of St Lucie County, Florida.

5. At all times material hereto Defendant, WDPR was, and continues to be a Florida business. Further, at all times material hereto, Defendant, WDPR was, and continues to be, engaged in business in Indian River County, Florida.

6. At all times material hereto Defendant was an employer, within an enterprise engaged in commerce, seeking and hiring employees, within the meaning of Chapter 760 of the Florida Civil Rights Act and Title VII of the Federal Civil Rights Act, Age Discrimination in Employment Act.

7. Ms. Mirand has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## I.   INTRODUCTION

On or around December 22, 2018, Defendant, WDPR, posted a job opening for a position of a Financial Analyst, paying $75,000 annually. Ms. Mirand applied to the position with WDPR by submitting her resume to the Defendant through www.Ziprecruiter.com., a company that specialize in advertizing job postings on their electronic job board.

On or around January 2019, Ms. Mirand was contacted by a WDPR representative, Judy Jankowski, a Disney recruiter. Ms. Jankowski conducted a lengthy, approximately 30 minutes, initial phone interview where she told Ms. Mirand about the position, asked Ms. Mirand about her background, education and experience, her expectations about the job. Ms.

Jankowski told Ms. Mirand that once the initial interview is submitted to the decision makers, Ms. Mirand would be contacted if her qualifications matched the position to which Ms. Mirand had applied. Exhibit A. Ms. Mirand wanted to make sure that WDPR did not have anyone within the company qualifying for this position. Ms. Jankowski assured Ms. Mirand that they would have hired someone from within if that was the case, instead of wasting valuable resources on interviewing outside candidates as well as not wasting the candidate's time.

The decision process must have been rigorous because WDPR waited a while to get back to Ms. Mirand. On January 30, 2019, Plaintiff received an email from Joanne Kwon, a higher up in the recruitment chain of command, notifying Ms. Mirand that she will be scheduling a 45 minute phone interview between Ms. Mirand and Dianne O'Neal, Manager of Finance at WDPR. Exhibit B. Ms. Kwon wanted to know Ms. Mirand's availability. The phone interview with the Manager of Finance lasted approximately 45 minutes, where Ms. O'Neal asked Ms. Mirand about her background, education, qualifications, skills, etc. During the interview Ms. O'Neal told Ms. Mirand that she was a 30 year employee with Disney and knew all about the position for which Ms. Mirand applied and how it related to the whole of the organization. Ms. O'Neal was extremely happy with the interview and with Ms. Mirand's qualifications. She told Ms. Mirand that the company will take the manager's input into the recruitment process as the decision maker for hiring the right candidate. She also told Ms. Mirand that she will make sure that Ms. Mirand also speaks with Ms. Mirand's direct manager, Ms. Tammy Gall, who was recently promoted to a Senior Financial Analyst. Before scheduling this interview, Ms. Mirand again asked a Disney higher up in the decision making process whether there was anyone within the company who would qualify for this

position. Again, she was assured by Ms. O'Neal that not only was there no one qualifying for the job but there was nobody ready to even be trained for the job.

Ms. Kwon made another arrangement for Ms. Mirand to be interviewed, this time in person, by Ms. Gall at the job location at Disney World Resort in Vero Beach. Exhibit C. Ms. Mirand interviewed with Ms. Gall for approximately 15 minutes where Ms. Gall asked Ms. Mirand whether Ms. Mirand would be comfortable working in such a fast paced environment that is intended to promote innovation and change. She also asked Ms. Mirand whether Ms. Mirand would be comfortable with youth groups gathering and rehearsing right outside her office door. Ms. Gall said that this was just how Disney operated and that the company promoted a culture of youth to make their staff better able to relate to the younger customers' expectations. Ms. Gall thanked Ms. Mirand for her time and said that she will be in touch. Again, Ms. Mirand asked Ms. Gall if there was anyone from within the company who would qualify for the position. Ms. Gall said that there was no one and that there was not anyone even close to qualifying.

On February 27, 2019, Ms. Mirand received a "do not reply" form email that notified Ms. Mirand that Disney is considering other candidates and to continue to apply to other positions at Disney. Exhibit D. Extremely distraught, Ms. Mirand called Ms. Gall who told Ms. Mirand that an employee from within the company, a much younger person who worked the front desk, was hired for the position of Financial Analyst.

After that, Ms. Mirand applied to more than a dozen positions at Disney that matched her qualifications, however, she never received any response, not even a denial, like she never even existed.

## II STATEMENT OF MATERIAL FACTS

A) Ms. Mirand's qualifications, experience, education, skills etc directly related and fit perfectly with the position that was advertized by Disney. Considering that Disney does not even reply to those who do not qualify according to Ms. Mirand subsequent attempts at applying for other positions, the fact that Ms. Mirand was the front runner for the position is evident in that she was interviewed by the top brass with 30 years recruiting experience.

B) Disney is well aware that discrimination on the basis of a candidate's age is against the law. Therefore, the phone interviews were conducted as though the candidate qualifies for the position based on age. However, the actual proof of age comes when an in person interview is conducted. Questions like "would you be comfortable reporting to a much younger person?" or "are you aware that Disney promotes the culture of youth?" are only asked when the candidate seems to be over the desired age by Disney's standards.

C) Disney no longer considers Ms. Mirand as a viable candidate based on her age and not on her qualifications.

D) Disney hired an internal employee for this position who was much younger than Ms. Mirand and who had no qualifications or experience for the job of a Financial Analyst.

E) Disney's Equal Employment Opportunity Flyer is nothing more than a platitude to hide behind, which, in fact, is not enough of a deterrent for Disney to conduct their discriminatory practices in violation of the Civil Rights Act. Exhibit E

F) Defendant has violated Chapter 760 of the Florida Civil Rights Act and Title VII of the Federal Civil Rights Act, Age Discrimination in Employment Act.

G) Documentation concerning the number of attempts by Plaintiff to apply to any other position within WDPR is in the possession and custody and control of Defendant.

## COUNT I

## VIOLATION OF CHAPTER 760 OF THE FLORIDA CIVIL RIGHTS ACT AND TITLE VII OF THE FEDERAL CIVIL RIGHTS ACT, AGE DISCRIMINATION IN EMPLOYMENT ACT

1. Plaintiff re-alleges and re-avers paragraphs 1 through 20 of the Complaint as if fully

set forth herein.

2. Plaintiff qualified for the position for which she interviewed.

3. Plaintiff was not in the pool of potential candidates that WDPR keeps on file at all times for various positions, Ms. Mirand qualified and applied for a specific position.

4. Plaintiff was specifically interviewed for this position by an increasingly senior staff.

5. Plaintiff was denied the position due to her age, 62 years old.

6. Plaintiff is no longer considered as a potential candidate for any position with WDPR due to her age, as no replies of any kind were addressed to Plaintiff when she applied to more than a dozen positions that specified her qualifications, education and experience.

7. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation plus liquidated damages.

WHEREFORE, Plaintiff respectfully request that judgment be entered in her favor against Defendant:

a. Declaring, pursuant to Chapter 760 of the Florida Civil Rights Act and Title VII of the Federal Civil Rights Act, Age Discrimination in Employment Act, and that the acts and practices complained of herein are in violation.

b. Awarding Plaintiff compensation in the amount due her for Plaintiff's time in denied salary and benefits.

c. Awarding Plaintiff liquidated damages in an amount equal to the denied salary and benefits.

d. Awarding Plaintiff emotional and punitive damages due to mental anguish and loss of dignity.

e. Awarding Plaintiff pre-judgment interest; and

f. Ordering any other further relief the Court deems just and proper.

Respectfully submitted,

*I. Mirand*

Irene Mirand,
P.O. Box 880584,
Port St Lucie, FL 34988
PH: 954-478-3267
Email: irenemirand10@gmail.com